UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　No. 00-4841

ENRIQUE VELEZ,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-00-48)

Submitted: October 31, 2001

Decided: November 20, 2001

Before WILKINS, WILLIAMS, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Joseph B. Gilbert, MCNEIL & GILBERT, Jacksonville, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Jennifer May-Parker, Assistant United States Attorney, Erin Norris, Third-Year Law Student, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Enrique Velez was convicted by a jury of: (1) one count of bank robbery, 18 U.S.C.A. §§ 2, 2113(a) (West 1999); (2) one count of armed bank robbery, 18 U.S.C.A. §§ 2, 2113(a) & (d) (West 1999); (3) one count of using, carrying and brandishing a firearm in conjunction with a crime of violence, the armed bank robbery, 18 U.S.C.A. §§ 2, 924(c)(1) (West 2000); and (4) one count of conspiracy to commit the robberies, 18 U.S.C.A. § 371 (West 2000). Velez was sentenced on November 6, 2000, to concurrent seventy-eight month terms of imprisonment for the robberies, a concurrent sixty month term of imprisonment for the conspiracy, and a consecutive eighty-four month term of imprisonment for aiding and abetting the brandishing of the firearm. On appeal Velez contends that the indictment and the district court's jury instructions were improper. After a thorough review of the indictment and instructions, we affirm.

On November 12, 1999, Omar Rivera robbed the Coastal Federal Bank in Sunset Beach, North Carolina, while Velez waited in a car parked outside. Approximately $3000 was stolen. Rivera gave Velez $400 of the proceeds. Two weeks later, on November 26, 1999, both Rivera and Velez entered the Security Savings Bank in Shallotte, North Carolina and robbed it of approximately $8000. Rivera carried a gun, displayed it, and used it to threaten bank employees and customers. Rivera and Velez were apprehended within the hour driving away from the robbery. Rivera and Velez were indicted on four charges. Rivera pled guilty to three counts and testified against Velez at his trial, at which Velez was found guilty of all four counts.

Initially, Velez avers that the court committed reversible error by misspeaking in the instructions accompanying Count Two by inserting the date and bank charged in Count One. After correctly reading Count One of the indictment, which charged the robbery of Coastal

Federal Bank on November 12, 1999, and correctly instructing the jury on the elements of that charge, the district court properly read Count Two, which charged the robbery of Security Savings Bank on November 26, 1999. The court then instructed the jury:

> Now, as to the crime charged in Count Two of the indictment, the government must prove beyond a reasonable doubt each of the following elements; first, that the defendant, Enrique Velez, took from the person or presence of another money belonging to or in the care, custody, control, management, or possession of the Coastal Federal Bank. Second, that on November 12, 1999, Coastal Federal Bank had its deposits insured by the Federal Deposit Insurance Corporation. Third, that the defendant took such money by means of force and violence, or by means of intimidation. Fourth, that the defendant assaulted or put in jeopardy the life of a bank employee or others by the use of a dangerous weapon or device, while committing or attempting to commit the theft.

The defense did not object to this instruction.

Velez contends that he was prejudiced by this error because it required the jury to find that an armed robbery was committed on November 12 at the Coastal Federal Bank when the indictment alleged unarmed robbery of that bank on that date in Count One. Velez relies on a case where this court reversed a conviction because the district court instructed on the wrong subsection of the statute cited in the indictment. *United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994). The Government, in response, contends that there was no constructive amendment of the indictment because the evidence introduced during the trial and the argument of counsel were fully consistent with the indictment.

To find constructive amendment of the indictment "either the government (usually during the presentation of evidence and/or its argument), or the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *Floresca*, 38 F.3d at 710. The district court followed its instruction on the elements of the crimes contained

in each count with the instruction that, "The Defendant is not on trial for any act or conduct or offense not alleged in the indictment," and sent a copy of the indictment and a verdict form to the jury room. The verdict form required that the jury find the Defendant guilty or not guilty of each count of the indictment. Upon these facts, we conclude that the misstatement of the district court did not result in a constructive amendment to the indictment. Velez's conviction on Count Two for armed bank robbery is accordingly affirmed.

Velez next contends, for the first time of appeal, that Count Three of the indictment, alleging a violation of 18 U.S.C. § 924(c), was defective because it tracked the statute and left out the element of scienter. An error that is raised for the first time on appeal is subject to plain error review. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). However, we have held that an indictment that alleges the defendant carried and used a firearm sufficiently imports knowledge of the essential facts of the crime. *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992). Count Three of the indictment, which alleged that Velez did use and carry a firearm in violation of 18 U.S.C. §§ 924(c)(1) and 2, sufficiently imported knowledge of the essential facts of the crime. Accordingly, Count Three of the indictment was not deficient in this respect. Thus, there was no error.

Velez also avers, for the first time on appeal, error in the district court's failure to instruct the jury that he knowingly and willfully aided and abetted Rivera's use and brandishing of the gun, in the robbery of the second bank. Again we review only for plain error. *Olano*, 507 U.S. at 731-32. Velez contends that a conviction of aiding and abetting under § 924(c) must be overturned where the jury instructions required the jury only find the defendant knew the firearm was being carried and used during the predicate crime. *United States v. Bancalari*, 110 F.3d 1425, 1429-30 (9th Cir. 1997). At Velez's trial the jury was specifically instructed that "mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime." Moreover, the court instructed the jury that Velez must be found to have willfully directed, authorized, aided or abetted by willfully joining together with Rivera in the commission of the crime, and defined willfully to mean "voluntarily and purposely." We find that the district court properly instructed the jury regarding the

required scienter to convict Velez of aiding and abetting the § 924(c) violation.

Finally, Velez challenges the sufficiency of the evidence to prove that he conspired with Rivera to commit the robberies. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this Court views the evidence in the light most favorable to the Government and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Our review of the record satisfies us that there was ample evidence to support Velez's conviction for Count Four of his indictment. *See United States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997).

Accordingly, we affirm Velez's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*